UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE EMBRY,

Plaintiff,

v.

CRIAG HUTCHINSON et al.,

Defendants.

Case No. 1:26-cv-1189

Honorable Sally J. Berens

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 10.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

For the reasons set forth below, the Court will grant Plaintiff's motion to amend his complaint (ECF No. 5), deny Plaintiff's motions for discovery and for an order to produce medical documents (ECF Nos. 2 and 11), and dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Motion to Amend Complaint

Plaintiff initiated this action on April 13, 2026. (ECF No. 1.) Plaintiff filed a motion to amend his complaint on April 24, 2026, and included an additional "Statement of Case" and supporting documents. (*See* ECF No. 5.) The Court will grant Plaintiff's motion to amend his complaint. In deference to Plaintiff's *pro se* status, the Court will construe Plaintiff's original complaint (ECF No. 1) and amended complaint (ECF No. 5) as one consolidated complaint.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## II. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Some of the events set forth in Plaintiff's complaint occurred at DRF. As to the remaining events, Plaintiff does not specify the MDOC facility or facilities he was incarcerated in at the time of those events. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 5.) Plaintiff sues Doctor Criag Hutchinson, Registered Nurse Matthew Kasper, and Unknown Parties named as MDOC Medical Staff.

In Plaintiff's complaint, he alleges he was prescribed Atripla when he first entered MDOC custody in 2004. (Compl., ECF No. 1, PageID.1.) Plaintiff states that he was born with an undisclosed medical condition, and Atripla is a medication that treats his medical condition. (*Id.*) Since 2004, Plaintiff has been released from MDOC custody an unspecified number of times, and after his release, he has stopped "taking this medication," but "[e]very time [he] came back to prison, [Defendant] Doctor Hutchinson re-prescribed [him] this medication."[2] (*Id.*)

Then, on an unspecified date, Plaintiff had a video health visit with Defendant Hutchinson who told Plaintiff, "Due to the cost of [Atripla] to MDOC and low usage, MDOC [is] stopping this medication." (*Id.*, PageID.2.) Plaintiff was then prescribed an unspecified "new medication." (*Id.*) Plaintiff alleges that "[he] was confused and didn't understand why after all these years . . . [Defendant] Hutchinson would just change [his] medication out of the blue." (*Id.*)

Plaintiff then claims that on an unspecified date in 2025, while at DRF, he was "at medical on a routine sick medical callout, where [he] overheard a nurse talking to another [staff person]." (*Id.*) The unnamed nurse told the other staff person that "there was a class action lawsuit . . . for

---

[2] In this opinion, the Court corrects the capitalization, abbreviations, spelling, and punctuation in quotations from Plaintiff's complaint.

several medications . . . [and] Atripla was one of those medications that the MDOC was told to discontinue all inmates from taking." (*Id.*) On September 27, 2025, Plaintiff submitted a kite to healthcare staff asking why they stopped prescribing him Atripla. (*See id.*) In response, "medical staff" informed Plaintiff that he was taken off Atripla because "the medication was discontinued to be manufactured in 2021 due to low usage," and there was "no medical concern." (*Id.*, PageID.3.)

Plaintiff alleges that he conducted his "own research" and "found out this medication Atripla was a bad medication and was discontinued . . . [for the] harm it could do the person taking it." (*Id.*) Plaintiff states that he "still do[es] not have all the real facts of this medication Atripla or [its] harmful [side] [e]ffects." (*Id.*)

Plaintiff claims that neither Defendant Hutchinson nor "any medical staff at MDOC" informed him of the "bad facts or causes of taking [Atrival]." (*Id.*, PageID.4.) Defendants Hutchinson, Kasper, "and all MDOC medical staff . . . failed to inform [him]" of any side effects and that "these medical providers [or] staff have yet to inform [him] of the facts of this medication and why it has been discontinued . . . or the harmful [e]ffect of this medication." (*Id.*, PageID.4, 5.) Plaintiff sent a kite and talked to "medical staff" several times on unspecified dates "to seek these informational facts of this bad medication and [has] gotten nowhere." (Am. Compl., ECF No. 5, PageID.24.) Plaintiff's grievances were rejected by the non-party grievance coordinator. (*Id.*, PageID.24.)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment claims regarding Plaintiff's medical treatment and Fourteenth Amendment due process claims. Plaintiff seeks injunctive relief only, specifically requesting that MDOC provide

"any testing . . . [if] needed . . . because these harmful [side e]ffects . . . could show now or later in the future." (Compl., ECF No. 1, PageID.6.)

**III. Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Defendants Hutchinson and Kasper**

**1. Eighth Amendment Claims**

Plaintiff claims that Defendants Hutchinson and Kasper violated his Eighth Amendment rights by providing inadequate medical treatment. (*See generally* Compl., ECF No. 1; Am. Compl., ECF No. 5.) Plaintiff alleges that Defendant Hutchinson prescribed him Atripla "[e]very time [Plaintiff] came back to prison," and that on an unspecified date, Defendant Hutchinson changed Plaintiff's medication. (Compl., ECF No. 1, PageID.1, 2.) Plaintiff sues Defendant Hutchinson because Atripla has been discontinued, but Defendant Hutchinson did not inform Plaintiff of the "bad facts or causes of taking this medication." (*Id*., PageID.4.) Plaintiff's sole allegation against Defendant Kasper is that this Defendant gave Atripla to Plaintiff an unspecified number of times and "failed to inform" Plaintiff of its "harmful [e]ffect[s] to the user." (*Id*.) Although Plaintiff does not allege any specific side effects from taking this medication, he is concerned about any "harmful [e]ffects . . . [that] could show now or later in the future." (*Id*., PageID.6.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes, U.S. Const. amend. VIII, and the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Cnty of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41

(6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, . . . he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 604-05 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must demonstrate that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

**a. Objective Component**

Plaintiff does not allege that he suffered any side effects from Atripla or has any medical symptoms that may be side effects of the medication. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 5.) Plaintiff is concerned about potential health issues occurring in the future because of Atripla but does not specify any health concerns. (*See id.*) Under these circumstances, Plaintiff's allegations of unspecified potential "side effects" do not satisfy the objective component of the relevant two-prong test. Moreover, even assuming, without deciding, that Plaintiff has alleged sufficient facts to satisfy the objective component, as explained below, Plaintiff fails to allege sufficient facts to satisfy the subjective component.

**b. Subjective Component**

Turning to the subjective component—i.e., the requirement that a plaintiff allege sufficient facts to show that "the official [or medical provider was] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that the official or medical provider "also dr[e]w the inference," *Farmer*, 511 U.S. at 837—the Court addresses Plaintiff's allegations against Defendants Hutchinson and Kasper below.

Plaintiff alleges that Defendants Hutchinson and Kasper violated his rights under the Eighth Amendment by prescribing Plaintiff a medication that was eventually discontinued, without

informing Plaintiff of any of the possible side effects of the medication. (*See* Compl., ECF No. 1, PageID.5.)

As an initial matter, with respect to Defendant Hutchinson's action of prescribing Atripla to Plaintiff—which Plaintiff alleges was a "bad medication" and was discontinued—"the prescribing of drugs by a physician[, or other medical provider,] which causes side effects does not constitute deliberate indifference." *Mason v. Eddy*, No. 1:18-cv-2968, 2019 WL 3766804, at *11 (N.D. Ohio Aug. 9, 2019) (citations omitted); *see, e.g.*, *Bryant v. Kaskie*, 744 F. App'x 39, 42 (3d Cir. 2018) (concluding that the prison medical provider's "failure to inform [the prisoner-plaintiff] of the potential side effects of a [prescribed medication] [wa]s insufficient to demonstrate deliberate indifference"); *Walker v. Abdellatif*, No. 1:07-cv-1267, 2009 WL 579394, at *7 (W.D. Mich. Mar. 5, 2009) (discussing that "medication adjustments involve the doctor's medical judgment regarding plaintiff's treatment," and a plaintiff's "disagreement with the health care providers regarding his diagnosis and treatment does not rise to the level of a federal constitutional violation" (citations omitted)); *Christensen v. United States*, No. 5:11-321-KKC, 2013 WL 4521040, at *4 (E.D. Ky. Aug. 26, 2013) (discussing that the doctor's "decision to continue [the inmate's] prescription for [the medication that caused side effects] was evidently based upon her medical judgment that its benefits to his long-term cardiac health outweighed its detrimental side effects"). Furthermore, although it is clear from Plaintiff's complaint that he now disagrees with Defendant Hutchinson's decision to prescribe Atripla despite potential side effects, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372 (citations omitted); *Mitchell*, 553 F. App'x at 605.

Plaintiff also claims that Defendants Hutchinson and Kasper violated his Eighth Amendment rights by not "inform[ing Plaintiff of] the bad facts or causes of taking this medication" and "lied" to Plaintiff regarding Atripla "and its harmful [e]ffect[s] to the user." (Compl., ECF No. 1, PageID.4.) Notably, Plaintiff only alleges that he was not *informed* of any possible side effects, not that he experienced or reported side effects to Defendants Hutchinson and Kasper. Plaintiff does not allege any medical conditions or symptoms which may have been side effects, nor does he allege that if he had been informed of any potential side effects that he would have declined this medication. Plaintiff's allegations indicate that this medication was appropriate for his medical condition, and he was not prescribed this medication over his objection. Nor does he allege that Defendants Hutchinson or Kasper prescribed the medication with the intent to cause harm to Plaintiff. (*See* Compl., ECF No. 1.) Plaintiff states in a conclusory manner that "medical officials knew of the conditions of this bad medication and did not inform [Plaintiff] or respond in a reasonable manner." (*Id.*, PageID.5.) However, Plaintiff does not allege any *facts* that indicate Defendants Hutchinson or Kasper withheld information regarding Atripla with an intent to cause any harm to Plaintiff, or that Defendants Hutchinson or Kasper were deliberately indifferent to Plaintiff's medical treatment. (*Id.*) Indeed, Plaintiff does not allege that this medication was unnecessary or not indicated for his medical condition. In short, based on the facts alleged in the complaint, Plaintiff fails to show that Defendants Hutchinson's and Kasper's failure to inform Plaintiff of potential side effects constituted deliberate indifference. *See Bryant*, 744 F. App'x at 42.

In summary, for the reasons set forth above, Plaintiff fails to state an Eighth Amendment claim against Defendants Hutchinson and Kasper.[3]

**2. Fourteenth Amendment Due Process Claims**

Plaintiff alleges that Defendants Hutchinson and Kasper violated his due process rights by failing to inform him of Atripla's potential side effects. (Compl., ECF No. 1, PageID.4.) As explained below, Plaintiff fails to state a claim based on these facts.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a

---

[3] Although it is not material to the Court's conclusion that Plaintiff has failed to state a claim, it is noteworthy that the brand-name drug Atripla was discontinued, but generic versions of the medication are available. On its list of medications approved by United States Food & Drug Administration (FDA), the National Institutes of Health (NIH) lists the generic-named medicine "efavirenz, emtricitabine, and tenofovir disoproxil fumarate" as still approved by the FDA. *See* https://hivinfo.nih.gov/understanding-hiv/fact-sheets/fda-approved-hiv-medicines (visited Sept. 14, 2026). Atripla was the brand name of "efavirenz, emtricitabine, and tenofovir disoproxil fumarate." *Id*. Although Atripla has been discontinued, its "generic" version has not been discontinued. *See id*.

The Court might well be able to take judicial notice of these facts under Rule 201 of the Federal Rules of Evidence. The accuracy of the source regarding this specific information "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019) (citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d. Cir. 2007), as amended (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)). Moreover, "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Thus, the Court could take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b). However, the information above regarding Atripla plays no role in the Court's decision. Instead, this information merely provides context and additional information to a prisoner who is incarcerated. *C.f. United States v. Mathews*, 846 F. App'x 362, 364 n.3 (6th Cir. 2021) ("Providing context when context matters is not misplaced.").

procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted). Further, "[s]ubstantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

Courts have recognized that prisoners "retain a limited right to refuse treatment and a related right to be informed of the proposed treatment and viable alternatives," and some courts have analyzed a failure to do so as a claim arising under the Due Process Clause of the Fourteenth Amendment. *White v. Napoleon*, 897 F.2d 103, 112–14 (3d Cir. 1990) (pursuant to the Due Process Clause of the Fourteenth Amendment, "[p]risoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting"); *Benson v. Terhune*, 304 F.3d 874, 884–85 (9th Cir. 2002) (discussing the Third Circuit's recognition of the right to medical information as set forth in *Napoleon* and describing it as a "reasonable application of Supreme Court precedent"); *see Pabon v. Wright*, 459 F.3d 241, 246 (2d Cir. 2006) (discussing that "the Fourteenth Amendment's recognized liberty interest in an individual's right to refuse medical treatment carries with it a concomitant right to such

information as a reasonable patient would deem necessary to make an informed decision regarding medical treatment," and that "[t]o establish a violation of this right, a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment"); *Quarles v. Bontempo*, No. 2:23-cv-1601, 2025 WL 1822675, at *5 & n.7, 7–9 (E.D. Pa. July 2, 2025) ("To sustain an 'informed consent' substantive due process claim, the prisoner must prove that (1) he was deprived of information that a reasonable patient would deem necessary to make an informed decision about his medical treatment, (2) the defendant acted with deliberate indifference to the prisoner's right to refuse treatment, and (3) if the prisoner had received the information, he would have refused the treatment." (citation omitted)).

Here, even if Defendants Hutchinson or Kasper did not disclose information regarding potential side effects of Atripla, and assuming without finding that they even knew about the potential side effects, Plaintiff fails to allege that this failure impaired Plaintiff's right to refuse treatment. As discussed above in the context of Plaintiff's Eighth Amendment claims against Defendants Hutchinson and Kasper, Plaintiff does not allege that he would have objected to taking Atripla or refused this treatment if he had been informed of any potential side effects. Nor are there any facts to indicate that the failure to disclose any potential side effects was "undertaken with deliberate indifference" to Plaintiff's right to refuse medical treatment. *See Pabon*, 459 F.3d at 246. Plaintiff must allege facts to support his claims, and in this instance, he has not done so. Thus, Plaintiff's factual allegations about Defendants Hutchinson's and Kasper's failure to provide information about possible side effects to Plaintiff are insufficient to state a constitutional claim.

Accordingly, any intended due process claims regarding Defendants Hutchinson's and Kasper's failure to inform Plaintiff of Atripla's side effects will be dismissed for failure to state a claim.

**B. Defendants Unknown Parties**

Plaintiff sues Unknown Parties, named as "MDOC Medical Staff," "health care staff," "medical staff," and "medical officials" in his complaint for not providing Plaintiff with information regarding his medication. (*See* Compl., ECF No. 1, PageID.1, 4, 5; *see also* Am. Compl., ECF No. 5, PageID.24.) Plaintiff alleges he has verbally spoken with "medical staff" and "kited medical several times trying to resolve this matter."[4] (Am. Compl., ECF No. 5, PageID.24.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to

---

[4] In Plaintiff's amended complaint, he states that a non-party grievance coordinator rejected Plaintiff's grievance. (*See* Am. Compl., ECF No. 5, PageID.24.) As an initial matter, this non-party is not named as a Defendant in the title of Plaintiff's complaint or amended complaint. (*See generally* Compl., ECF No. 1; Am. Compl., ECF No. 5.) Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). And this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). Moreover, various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Accordingly, the non-party grievance coordinator is not a party to this suit, and even if Plaintiff had named the non-party grievance coordinator as a Defendant, he would fail to state a claim against his Defendant regarding the rejection of Plaintiff's grievance.

dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

As an initial matter, Plaintiff does not name or describe Defendants Unknown Parties in the body of his complaint. (*See* Compl., ECF No. 1; Am. Comp., ECF No. 5.) Plaintiff's claims against these Defendants therefore fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). To the extent that Plaintiff intended the unnamed nurse at DRF to be a Defendant in this action, Plaintiff's complaint neither indicates that she is a Defendant, nor does Plaintiff provide any factual allegations that the unnamed nurse's actions form the basis of any of Plaintiff's claims. (*See* Compl., ECF No. 1, PageID.2.)

Furthermore, in the body of Plaintiff's complaint, Plaintiff's allegations refer to "MDOC Medical Staff," "health care staff," "medical staff," and "medical officials." (*See* Compl., ECF No. 1, PageID.1, 4, 5; *see also* Am. Compl., ECF No. 5, PageID.24.) However, "[s]ummary reference to a single, five-headed 'Defendants' [or ] ['staff'] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (citation omitted)).

Accordingly, for these reasons, any intended claims against Defendants Unknown Parties will be dismissed for failure to state a claim.

## IV. Motions for Discovery and to Produce Medical Documents

Plaintiff filed a motion for an order for discovery on April 13, 2026 (ECF No. 2), and a motion for an order to produce medical documents on May 12, 2026. (ECF No. 11.) Discovery is conducted by the parties in an action, and this action has not yet been served on Defendants. Therefore, Plaintiff's request to conduct discovery in this case is premature. And as set forth in this opinion, the Court will dismiss Plaintiff's complaint for failure to state a claim. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Therefore, Plaintiff's motions asking the Court to enter orders for discovery or the production of documents in this case will be denied.

## Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion to amend his complaint (ECF No. 5) and deny Plaintiff's motions for discovery and to produce medical records (ECF Nos. 2 and 11). Further, having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: September 28, 2026

/s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge